918 P.2d 1055

**The STATE of Arizona, Appellee,**

v.

**John Joseph ADAMS, Appellant.**

**No. 2–CA–CR 95–0152.**

Court of Appeals of Arizona,
Division 2, Department A.

Nov. 16, 1995.

Reconsideration Denied Dec. 18, 1995.

Review Denied June 19, 1996.

Grant Woods, the Attorney General by Paul J. McMurdie and R. Wayne Ford, Phoenix, for Appellee.

Susan A. Kettlewell, Pima County Public Defender by Creighton Cornell, Tucson, for Appellant.

## OPINION

LIVERMORE, Presiding Judge.

Defendant was serving a one-year jail sentence as a condition of probation when he failed to return to jail from a counseling session for which he had been allowed temporary release. On these facts, he was found guilty of escape in the second degree as defined in A.R.S. § 13–2503. He was sentenced to the mandatory, presumptive term of imprisonment of two and one-quarter years, to be served consecutively to the term of imprisonment imposed upon revocation of probation for the offense for which he had been serving the jail sentence. He contends that he cannot be guilty of the offense because escape must be from a "correctional facility," which is defined in A.R.S. § 13–2501(2)(c) to exclude "release on parole, probation or by other lawful authority upon condition of subsequent personal appearance at a designated place and time." We disagree and affirm.

"Escape" is defined in § 13–2501(4) to include "failure to return to custody or detention following a temporary leave granted for a specific purpose or for a limited period." That definition expressly covers what defendant did in this case. We do not believe that the definition of correctional facility was meant to change the definition of escape. Rather, we construe the language "release on ... probation" to exclude from the crime of escape those persons not serving custodial sentences who are under the supervisory control of parole or probation authorities and who are required to report personally to those authorities. Thus, failure of a probationer to report to his probation officer at a designated place and time would not be an escape because probation supervision is not within the meaning of detention in a correctional facility. Failure of a probationer to return to jail from which he was temporarily released, on the contrary, is an escape. A jail is a correctional facility and defendant's release was for a "specific purpose" as defined in "escape" and not a "release on ... probation" as excluded from a correctional facility. See *Cienfuegos v. Superior Court*, 172 Ariz. 461, 837 P.2d 1196 (App.1992).[1]

We have searched the record for fundamental error and have found none. Affirmed.

FERNANDEZ and PELANDER, JJ., concur.

---

1. Defendant contends that the jury should have been instructed on the definition of "correctional facility," presumably so that he might argue the construction we have rejected to the trier. We know of no authority permitting an argument misconstruing the law.